The opinion of the court was delivered by
McBnery, J.
The plaintiff was the owner of 160. acres of land, with cattle and stock thereon, situated in the parish of Avoyelles. He had his homestead set apart and secured. The defendant was a. *840 judgment creditor of the plaintiff. The plaintiff, Hebert, sold thirty (30) arpents of his homestead to one Victor Reynould, who sold the thirty acres to William Hall, and Hall again sold the thirty acres to plaintiff Hebert. After it got back into the possession of Hebert, Mayer, the judgment creditor, seized and advertised it for sale. Hebert obtained an injunction against the defendant, Mayer, restraining him and the sheriff from proceeding further in the execution of the judgment and the sale of the land. There was judgment in the District Court in favor of the plaintiff in injunction, perpetuating the same. The defendant has appealed.
The question presented in the case is whether Hebert, by selling •the land, parted with his homestead right to the thirty acres, must be answered in the affirmative.
Under Article 219 of the Constitution the homestead must be ■owned bona fide by the debtor and occupied by him. When any of the conditions requisite to the setting apart and registering a homestead to exempt it from seizure and sale cease to exist, the reason for the existence of the homestead ceases, and it is subject to seizure and sale. The judgments recorded against the debtor followed it into the hands of third parties. Civil Code 3397; Denis vs. Gayle, ■40 An. 291.
No higher evidence of the reasons why the homestead should cease to exist because it is no longer needed by the debtor to support those who were dependent upon him when it was set apart and registered, could be offered than the voluntary relinquishment or sale of the homestead by the debtor.
The repurchase of the property by the debtor can not revive the homestead. The conditions upon which it was originally granted ■ceased to exist when he sold it. New conditions must arise in order to entitle him to the homestead exemption.
As this court said in the case of Denis vs. Gayle, “at the moment that the exemption ceased, the mortgage which had only been dormant, not extinct, became executory with its pristine force and vitality.
“ Having severed all his connections with the property thus sold, Gayle could no longer extend over it a shield of protection in the shape of an exemption from seizure and sale which was personal to himself.”
*841 And in the instant case, if the judicial mortgage followed the homestead into the hands of the two vendees, it certainly attached to and covered it when it returned to the debtor.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that the injunction herein be dissolved, with $50 as special damages for attorneys, the appellee to pay all costs.